**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3871
_____

TELEDO SMITH-BEY,

                                        Appellant
                          v.

DIRECTOR OF FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 11-cv-03927)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2012
Before:  RENDELL, FUENTES AND WEIS, Circuit Judges
(Opinion filed:  February 27, 2012)

_____

OPINION
_____

PER CURIAM.

        Teledo Smith-Bey, a federal prisoner proceeding pro se, appeals from the District

Court's order denying his petition for a writ of mandamus.  We will affirm.

        In his mandamus petition, Smith-Bey cited 42 U.S.C. § 17541(a)(1)(G), a

provision of the Second Chance Act of 2007, for the proposition that the Bureau of

Prisons ("BOP") is required to provide incentives to inmates who participate in skills

development programs. Smith-Bey averred that he had completed more than 20 skills development programs, but that he had not been extended any incentives for doing so. In his unsuccessful pursuit of these unspecified incentives, Smith-Bey filed a formal grievance with the prison and exhausted the administrative remedies available to him. Undeterred, Smith-Bey filed in the District Court a petition for a writ of mandamus, seeking to have the District Court compel the BOP to perform the duties that Smith-Bey alleges are mandated by § 17541(a)(1)(G). The District Court denied relief, and Smith-Bey appealed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal. See Stehney v. Perry, 101 F.3d 925, 929 (3d Cir. 1996). Pursuant to 28 U.S.C. § 1361, a district court has jurisdiction over mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is to be awarded only in extraordinary circumstances, where the petitioner demonstrates that he has no alternative means to achieve the relief sought, and that he has a clear and indisputable right to the writ. Stehney, 101 F.3d at 934 & n.6.

In denying the mandamus petition, the District Court reasoned that Smith-Bey had not demonstrated a clear and indisputable right to the writ. We agree. Section 17541(a)(1)(G) requires the Attorney General and the Director of the BOP to establish incentives for prisoner participation in skills development programs. However, the BOP Director is given wide latitude in developing and offering incentives, see § 17541(a)(2),

2

and the statute does not require that any particular incentives be given.  Given the discretion afforded to the Director, Smith-Bey has not shown a clear and indisputable right to relief, making mandamus an inappropriate remedy.

We will therefore affirm the decision of the District Court.